# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET No. 914

IN RE NINTENDO CO., LTD and NINTENDO OF AMERICA INC.,

Petitioners.

Alex V. Chachkes, Orrick, Herrington & Sutcliffe LLP, of New York, New York, for petitioners Nintendo Co., LTD and Nintendo of America Inc. With him on the petition was Peter A. Bicks.

Christopher D. Banys, The Lanier Law Firm, P.C. of Palo Alto, California, for respondent Motiva, LLC.

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas

Judge Leonard Davis

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 914

IN RE NINTENDO CO., LTD. and NINTENDO OF AMERICA INC.,

Petitioners.

_____

DECIDED: December 17, 2009

_____

Before RADER, CLEVENGER, and DYK, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

## <u>ORDER</u>

Nintendo Co., Ltd. ("NOL") and Nintendo of America Inc. ("NOA") (collectively, "Nintendo") petition for a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its June 30, 2009 order denying Nintendo's motion to transfer venue and to direct the Texas district court to transfer the case to the United States District Court for the Western District of Washington. <u>Motiva LLC v. Nintendo Co.</u>, No. 08-429, slip op. at 11 (E.D. Tex. June 30, 2009). Motiva, LLC ("Motiva") opposes. Because the district court clearly abused its discretion in denying Nintendo's motion to transfer venue under 28 U.S.C. § 1404(a) (1996), this court grants Nintendo's petition for a writ of mandamus.

I.

On November 10, 2008, Motiva filed suit in the United States District Court for the Eastern District of Texas against Nintendo. Motiva alleged that the Nintendo Wii infringed Motiva's U.S. Patent No. 7,292,151 relating to a human movement measurement system. NCL is a corporation organized under the laws of Japan, with its headquarters in Kyoto. NOA is a corporation organized under the laws of the state of Washington, with its principal place of business in Redmond. Motiva is a limited liability company existing under the laws of Ohio, with its principal place of business in Dublin.

On January 26, 2009, Nintendo filed a motion under 28 U.S.C. § 1404(a) to transfer venue of the case to the Western District of Washington. Nintendo argued that the Western District of Washington was a far more convenient venue to try the case because the physical and documentary evidence was mainly located in the Western District of Washington and Japan. At the time that Nintendo requested transfer, four witnesses lived in Washington, three lived in Japan, and the two inventors lived in Ohio and New York. Nintendo further noted that none of the parties were incorporated in Texas or had offices in Texas, no witnesses resided in Texas, and no evidence was located in Texas. Thus, according to Nintendo, no meaningful connection linked the Eastern District of Texas to this case. Motiva opposed transfer arguing that the Eastern District of Texas was the proper venue even in the absence of any of the witnesses or evidence relevant to the cause of action.

On June 30, 2009, the district court denied Nintendo's motion to transfer. On July 15, 2009, Nintendo timely moved for reconsideration of the district court's order

denying the motion to transfer. The district court has not ruled on Nintendo's motion for reconsideration.

Nintendo filed this petition for a writ of mandamus contending that the district court ignored precedent and clearly abused its discretion by refusing its transfer motion.

II.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, Mallard v. U.S. Dist. Court, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits, in this case the United States Court of Appeals for the Fifth Circuit. See Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 836 (Fed. Cir. 2003). The Fifth Circuit has approved the use of mandamus to correct a patently erroneous denial of transfer pursuant to 28 U.S.C. § 1404(a) in appropriate circumstances. See In re Volkswagen of Am., Inc., 545 F.3d 304 (5th Cir. 2008) (en banc) (issuing mandamus to transfer a case out of the Eastern District of Texas where no identified witnesses or evidence were located in the Eastern District of Texas).

Transfer of Venue Under 28 U.S.C. § 1404(a)

Change of venue is governed by 28 U.S.C. § 1404(a). Under section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have

M-914                                              3

been brought." 28 U.S.C. § 1404(a). A motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. In re Genentech, Inc., 566 F.3d 1338, 1342 (Fed. Cir. 2009) (citing Volkswagen, 545 F.3d at 315).

The Fifth Circuit applies the "public" and "private" factors for determining forum non conveniens when deciding a § 1404(a) motion to transfer venue. Volkswagen, 545 F.3d at 314 n.9. As this court noted in In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008), the private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." Id.

Application of the Factors

As in Volkswagen, TS Tech, Genentech, and this court's most recent decision, In re Hoffmann-La Roche Inc., Misc. No. 911, 2009 WL 4281965 (Fed. Cir. Dec. 2, 2009), this case features a stark contrast in relevance, convenience, and fairness between the two venues. See Volkswagen, 545 F.3d 304; TS Tech, 551 F.3d 1315; Genentech, 566 F.3d 1338. This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to

transfer.  See, e.g., Hoffmann, 2009 WL 4281965; Genentech, 566 F.3d 1338; TS Tech, 551 F.3d 1315.

This court initially notes that the district court correctly determined that Nintendo's extensive contacts in the Western District of Washington indisputably make it a proper venue for this patent infringement suit.  The district court also properly afforded several of the forum non conveniens factors no weight in its § 1404(a) analysis because they were indeed neutral on this record.  Among the factors entitled to no weight were the availability of compulsory process to secure attendance of witnesses; the practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties flowing from court congestion; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflicts of law or in the application of foreign law.

The district court also correctly assessed the local interest of the Western District of Washington as high.  Moreover, the trial court candidly observed that the Eastern District of Texas has little relevant local interest in the dispute.  The Fifth Circuit has unequivocally rejected the argument that citizens of the venue chosen by the plaintiff have a "substantial interest" in adjudicating a case locally because some allegedly infringing products found their way into the Texas market.  See Volkswagen, 545 F.3d at 317-18.  Indeed this court has stressed this same point.  See TS Tech, 551 F.3d at 1321.  If the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff "have no more or less of a meaningful connection to the case than any other venue."  Id.  The record shows that NOA is incorporated in Washington and has its principal place of business in the Western District of

Washington.  No parties, witnesses, or evidence have any material connection to the venue chosen by the plaintiff.  Therefore, the record leaves only the conclusion that the local interest in Washington clearly favors transfer.

The convenience and cost of attendance for witnesses is an important factor in the transfer calculus.  Genentech, 566 F.3d at 1343.  "Additional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment."  TS Tech, 551 F.3d at 1320 (quoting Volkswagen, 545 F.3d at 317) (internal quotation marks omitted).  Because inconvenience for witnesses increases with distance from home, the Fifth Circuit established the "100-mile" guideline.  Volkswagen, 545 F.3d at 317.  Under this tenet, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  Id.

All of the identified key witnesses in this case are in Washington, Japan, Ohio, and New York.  No witnesses live in Texas.  Even without including the four Japanese witnesses who would each have to travel an additional 1,756 miles or 7 hours by plane to Texas as compared with Washington State, the average travel required for each of the remaining six identified witnesses to Texas is approximately 700 miles more than to Washington.  Furthermore, four of the identified witnesses live in Washington, and no witnesses live in Texas.  The district court erroneously determined that the cost of attendance for willing witnesses only "slightly favors transfer."  On this record, this court does not agree with the district court's assessment of the 100-mile tenet.  See TS Tech,

551 F.3d at 1320 (holding that the district court's refusal to considerably weigh this factor in favor of transfer was erroneous when the witnesses would need to travel approximately 900 more miles to attend trial in Texas than in Ohio). The cost of attendance for willing witnesses clearly favors transfer.

The district court also erred in considering as neutral the relative ease of access to sources of proof. "The fact 'that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.'" Id. at 1321 (quoting Volkswagen, 545 F.3d at 316). In Genentech, this court held that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." 556 F.3d at 1345 (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)) (internal quotation marks omitted). Neither Motiva nor Nintendo have any relevant documentation or any other evidence in the Eastern District of Texas, the plaintiff's choice of venue. Nintendo informed the district court that the majority of NOA's relevant documents are located within the transferee venue. The record also shows that all of Nintendo's research and development documents are located in Kyoto, Japan. Notwithstanding this evidence, the district court assumed that Nintendo's relevant documents were equally spread between its headquarters in Japan and Washington, and minor satellite offices in California and New York. By including these minor offices in the equation, the trial court hypothesized that the Eastern District of Texas could serve as a centralized location. This court has already questioned this type of reasoning in another case involving the Eastern District of Texas. See id. at 1344

M-914                                         7

(holding that it is improper to consider the centralized location of the Eastern District of Texas when no identified witness resides in the district). Because most evidence resides in Washington or Japan with none in Texas, the district court erred in not weighing this factor heavily in favor of transfer.

In TS Tech, this court noted that the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties. 551 F.3d at 1320. Instead, "the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue." Id. This court held that the district court in that case gave too much weight to the plaintiff's choice of venue by affording the plaintiff's choice considerable deference. This court granted mandamus, determining that the petitioner met its burden to establish that the district court clearly abused its discretion in denying transfer. Id. at 1322-23. This case appears to repeat the erroneous methodology that led this court to grant mandamus in TS Tech. Id. The district court gave the plaintiff's choice of venue far too much deference.

## "Patently Erroneous Result"

A court may deny a petition for mandamus "[i]f the facts and circumstances are rationally capable of providing reasons for what the district court has done." Genentech, 556 F.3d at 1347 (quoting Volkswagen, 545 F.3d at 317 n.7) (internal quotation marks omitted). Mandamus relief in § 1404(a) cases is permitted when the petitioner is able to demonstrate that the denial of transfer was a clear abuse of discretion such that refusing transfer produced a "patently erroneous result." Id. at 1348 (quoting Volkswagen, 545 F.3d at 310).

This court concludes that Nintendo has met its difficult burden of demonstrating a clear and indisputable right to a writ. As in TS Tech and Volkswagen, the district court clearly abused its discretion in denying transfer from a venue with no meaningful ties to the case. See TS Tech, 551 F.3d 1315; Volkswagen, 545 F.3d 304. The district court: (1) applied too strict of a standard to allow transfer; (2) gave too much weight to the plaintiff's choice of venue; (3) misapplied the forum non conveniens factors; (4) incorrectly assessed the 100-mile tenet; (5) improperly substituted its own central proximity for a measure of convenience of the parties, witnesses, and documents; and (6) glossed over a record without a single relevant factor favoring the plaintiff's chosen venue.

Nintendo has also shown that it has no other means for obtaining relief. As this court noted in TS Tech, "it is clear under Fifth Circuit law that a party seeking mandamus for a denial of transfer clearly meets the 'no other means' requirement." 551 F.3d at 1322. In TS Tech, this court stated that the petitioner was not required to ask the district court to reconsider its motion denying transfer after the Fifth Circuit issued its en banc decision in Volkswagen because the petitioner had no reasonable expectation that seeking reconsideration of the order would have produced a different result. Id. Here, Nintendo had already presented facts showing entitlement to a transfer. After Nintendo was able to produce additional facts supporting its motion to transfer venue, it filed a motion for reconsideration. Nintendo, however, is not required to wait for the district court's decision on the motion for reconsideration because the district court clearly abused its discretion when deciding the original motion.

The "no other means" requirement does not impose an insurmountable rule that the petitioner exhaust every possible avenue of relief before seeking mandamus relief. See id. The purpose of the "no other means" requirement is to "ensure that the writ will not be used as a substitute for the regular appeals process." Id. Moreover, a petitioner would not have an adequate remedy for an improper failure to transfer the case by way of an appeal from an adverse final judgment because the petitioner would not be able to show that it would have won the case had it been litigated in the other venue. Id.

IV.

Because Nintendo has met its burden of establishing that the district court clearly abused its discretion in denying transfer of venue to the Western District of Washington, and because this court determines that mandamus relief is appropriate in this case, it grants Nintendo's petition for a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is granted. The district court shall vacate its June 30, 2009 order and transfer the case to the United States District Court for the Western District of Washington.

FOR THE COURT

| | |
|---|---|
| __December 17, 2009__ | /s/ Jan Horbaly |
| Date | Jan Horbaly |
| | Clerk |

cc:   Alex V. Chachkes, Esq.
       Christopher D. Banys, Esq.
       Clerk, United States District Court
         for the Eastern District of Texas

M-914                        10