# United States Court of Appeals for the Federal Circuit

---

**IN RE ZIMMER HOLDINGS, INC., ZIMMER, INC., and ZIMMER US, INC.,**
Petitioners.

---

2010-M938

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 09-CV-0258, Judge T. John Ward.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before RADER, *Chief Judge*,[*] FRIEDMAN, and GAJARSA, *Circuit Judges*.

GAJARSA, *Circuit Judge*.

---

BRYAN S. HALES, Kirkland & Ellis LLP, of Chicago, Illinois, for petitioners Zimmer Holdings, Inc., et al. Of counsel on the petition was MICHAEL E. JONES, Potter Minton PC, of Tyler, Texas.

---

[*] Randall R. Rader assumed the position of Chief Judge on June 1, 2010.

JOSEPH M. VANEK, Vanek Vickers & Masini, P.C. of Chicago, Illinois, for respondent MedIdea, LLC. With him on the response was JEFFREY R. MORAN, JR.

———————————

**O R D E R**

Zimmer Holdings, Inc., Zimmer, Inc., and Zimmer US Inc. (collectively, Zimmer) seek a writ of mandamus to direct the United States District Court for the Eastern District of Texas to vacate its March 8, 2010, order denying Zimmer's motion to transfer venue, and to direct the Texas district court to transfer the case to the United States District Court for the Northern District of Indiana. MedIdea, LLC objects to the transfer.

I

MedIdea filed this suit in the Eastern District of Texas. Zimmer has its principal place of business in Warsaw, Indiana. The complaint states that venue in the Eastern District of Texas is proper because MedIdea's principal place of business is 911 NW Loop 281, Suite 211-38, Longview, Texas.

Zimmer asked the district court to transfer the case to either the Northern District of Indiana or the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a), which authorizes transfer "for the convenience of parties and witnesses, in the interest of justice." Zimmer argued that MedIdea was not registered to do business in Texas and that "it was unclear what, if any, relevant business is actually transacted out of MedIdea's Longview address, or whether MedIdea conducts any relevant business anywhere in the state of Texas." Zimmer further argued without contradiction that MedIdea appears to share its Texas office space with another of its trial counsel's clients.

Zimmer contended that the Northern District of Indiana was more convenient and fair for both parties to try this case. Zimmer noted MedIdea's extensive ties to the adjacent state of Michigan—MedIdea was incorporated in Michigan, maintained a registered office in Ann Arbor, Michigan, and both of MedIdea's officers, the inventor of the patents-in-suit and the patent prosecuting attorney, reside in Michigan. Zimmer further noted that the vast majority of the evidence will come from either Indiana or Michigan and that eight potential witnesses reside in Warsaw, Indiana.

The district court denied the motion to transfer. The court noted that MedIdea is located in Longview, Texas where it "likely" keeps its relevant evidence. The court further added that "a business opens its doors in a particular location for a number of reasons." The court declined "to scrutinize litigants' business decisions in order to determine whether opening an office in a particular location has a legitimate business purpose or is merely a 'tactic . . . to manipulate venue.'"

The court further stated that the parties' convenience did not favor either venue because MedIdea's location in Longview "significantly counterbalances" the convenience to Zimmer's party witnesses attending trial in Indiana. The court added that Zimmer had not shown that it would be significantly inconvenient for it to transfer its documents to Texas or identified any documents or evidence that could not be transported without significant inconvenience.

With regard to local interest considerations, the court determined that neither the Northern District of Indiana nor the Eastern District of Texas had a greater interest in this dispute. The court explained that while Zimmer is headquartered in the Northern District of Indiana, "MedIdea maintains its principal place of business in

Longview, which gives the Eastern District of Texas [ ] a substantial connection to this lawsuit."

The court also stressed the significance of an ongoing patent suit in the Eastern District of Texas filed by MedIdea against another defendant.[1] The court described the second suit as involving the "same patent, the same plaintiff, and similar technology." The court further added that "there will undoubtedly be an overlap of issues for claim construction," and that "[t]ransferring this case to either of the proposed venues will prevent the parties from taking advantage of the built-in efficiencies that result from having related cases before the same judge." The court therefore concluded that Zimmer had not met its burden of demonstrating that the proposed venues were clearly more convenient than the Eastern District of Texas for trial of the case, and it denied the motion to transfer.

## II

Applying Fifth Circuit law in cases arising from district courts in that circuit, this court has held that mandamus may be used to correct a clearly erroneous denial of transfer. *See In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).

---

[1] *See MedIdea, LLC v. Smith & Nephew, Inc.*, 2:09-CV-378 (E.D. Tex.). The defendant in this other action has also recently petitioned this court for a writ of mandamus seeking to vacate the district court's denial of transfer order in that case. *See In re Smith & Nephew, Inc.*, No. 2010-M940.

In determining whether the transferee venue "is clearly more convenient," the Fifth Circuit applies the "public" and "private" factors for establishing *forum non conveniens*. *Genentech,* 566 F.3d at 1342 (citing *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314 n.9, 315 (5th Cir. 2008) (en banc)). As we stated in *TS Tech*, "[t]he 'private' interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive." 551 F.3d at 1319. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id.*

MedIdea claims that its choice of forum for suit in the district of its principal place of business is entitled to deference. We disagree. In *Hoffmann-LaRoche,* this court noted that in anticipation of the litigation, the plaintiff's counsel converted into electronic format 75,000 pages of documents and transferred them from California to the offices of its litigation counsel in Texas and then asserted that the location of those documents was a factor that favored not transferring the case from the Eastern District of Texas. 587 F.3d at 1336-37. We held that the assertion that those documents were "Texas" documents was a fiction that the plaintiff created to manipulate the propriety of venue and that it was entitled to no weight in the court's venue analysis. *Id.*

MedIdea argues that, unlike in *Hoffmann-LaRoche,* its decision to claim its principal place of business in Texas does not require close scrutiny. We disagree. Similar to the plaintiff in *Hoffmann-LaRoche,* MedIdea

transported copies of its patent prosecution files from Michigan to its Texas office space, which it shares with another of its trial counsel's clients. Thus, MedIdea's presence in Texas appears to be recent, ephemeral, and an artifact of litigation. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010) (urging courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation).

Our assessment of the realities of this case makes it clear that the Eastern District of Texas is convenient only for MedIdea's litigation counsel. MedIdea is a Michigan limited liability corporation with a registered office in Ann Arbor, Michigan and has only two corporate officers, both residents of Michigan. One is the sole inventor of the asserted patents while the other is the prosecuting attorney of record. Aside from uncorroborated contentions that MedIdea has its principal place of business in Texas, it is undisputed that all of MedIdea's research and development, and patent prosecution work took place in Michigan. Furthermore, there is no indication that MedIdea has any employees in Texas. MedIdea therefore has no presence in Texas that should be given weight in the transfer analysis. This is a classic case where the plaintiff is attempting to game the system by artificially seeking to establish venue by sharing office space with another of the trial counsel's clients.

In contradistinction, there are substantial conveniences in trying this case in the Northern District of Indiana. *See Hertz Corp.,* 130 S. Ct. at 1195 (stating, in the context of an inquiry into a corporation's principal place of business for diversity jurisdiction purposes, that "if the record reveals attempts at manipulation – for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat – the court should instead take as the 'nerve center' the place of actual

direction, control, and coordination, in the absence of such manipulation"). Specifically, there are at least eight identified potentially relevant witnesses in the Northern District of Indiana and Zimmer's principal place of business is located within that district. *See Genentech*, 566 F.3d at 1343-45 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."). Moreover, considering the proximity of Michigan to Indiana, the "convenience of the witnesses and parties" and "access to evidence" factors weigh in favor of transfer because Indiana will also be far more convenient for MedIdea.

The district court assigned substantial weight in its analysis to the fact that MedIdea had also filed suit against another defendant in the same forum. However, in the circumstances of this case, we cannot say this negates the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor. Unlike *Volkswagen*, the overlap between MedIdea's two actions, both of which are in the infancy stages of litigation, is negligible. *See* 566 F.3d at 1351 (denying petition to transfer where judicial economy is served by having the same district court try multiple infringement suits against a total of thirty foreign and domestic automobile manufacturers involving the same technical patents). In the instant action, MedIdea alleges infringement of two patents related to hip implants and four patents related to shoulder implants. Whereas, in the other action, MedIdea alleges infringement of nine patents related to knee implants and a single patent related to shoulder implants. Because the cases involve different products with only a single overlapping patent and no defendant is involved in both actions, it is likely that these cases will

result in significantly different discovery, evidence, proceedings, and trial.

In light of the substantial conveniences in trying this case in the Northern District of Indiana, the limited relationship between this case and MedIdea's other pending suit in the Eastern District of Texas and because the only connection between this case and the plaintiff's chosen forum is a legal fiction, we determine that the petitioners have met their burden of demonstrating that transfer in this case is required.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted. The district court shall vacate its March 8, 2010 order and transfer the case to the United States District Court for the Northern District of Indiana.

FOR THE COURT


  June 24, 2010                         /s/ Jan Horbaly
       Date                            Jan Horbaly
                                       Clerk


cc:  Bryan S. Hales, Esq.
     Joseph M. Vanek, Esq.
     Clerk, United States District Court for the Eastern District of Texas