**OPTIMUM POWER SOLUTIONS LLC, Plaintiff**

v.

**APPLE, INC., et al., Defendants.**

**Case No. 6:10cv61.**

United States District Court,
E.D. Texas,
Tyler Division.

Feb. 22, 2011.

---

Bryan Guy Harrison, John P. Fry, Morris, Manning & Martin, LLP, Atlanta, GA, Jack Wesley Hill, Thomas John Ward, Jr., Ward & Smith Law Firm, Longview, TX, Shaun William Hassett, Alston & Bird, LLP, Dallas, TX, for Plaintiff.

Celine Jimenez Crowson, Hogan Lovells US, LLP, Joseph Raffetto, Hogan & Hartson LLP, John R. Hutchins, Paul T. Qualey, Kenyon & Kenyon, Washington, DC, Clayton C. James, Hogan & Hartson LLP, Denver, CO, Eric M. Albritton, Albritton Law Firm, Longview, TX, Michael J. Newton, Alston & Bird, LLP, Dallas, TX, Deron R. Dacus, Ramey & Flock, Debra Elaine Gunter, Yarbrough Wilcox, PLLC, Herbert A. Yarbrough, III, Attorney at Law, Eric Hugh Findlay, Roger Brian Craft, Findlay Craft, Tyler, TX, Paul Alexander, Howrey LLP, East Palo Alto, CA, Mark L. Blake, Russell B. Hill, Sheppard, Mullin, Richter & Hampton LLP, Costa Mesa, CA, R. Scott Roe, Richard S. Gresalfi, Kenyon & Kenyon, New York, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

LEONARD DAVIS, District Judge.

Defendants' Motion to Transfer Venue to the Northern District of California Under 28 U.S.C. § 1404(a) (Docket No. 46) is before the Court. Having considered the parties' written submissions, the Court **GRANTS** the motion and **TRANSFERS** this case to the Northern District of California.

## BACKGROUND

Optimum Power Solutions LLC ("OPS") asserts a single patent against Apple Inc., Dell Inc., Hewlett Packard Company ("HP"), Lenovo (United States) Inc., and Sony Electronics, Inc. OPS was formed in Frisco, Texas, in the Eastern District of Texas, a few weeks before bringing this suit. Although OPS's principal place of business is in Frisco, Texas, it has no employees or documents in Texas. OPS's parent company, Acacia, who acquired the patent and transferred it to OPS, is located in Newport Beach, California.

Apple's principal place of business is Cupertino, CA, in the Northern District of California. HP's principal place of business is in Palo Alto, California, also in the Northern District of California. Sony's principal place of business is in San Diego, California, in the Southern District of California. Dell is located in Round Rock, Texas, in the Western District of Texas. Lenovo is located in Morrisville, North Carolina.

The patent's inventor and one prosecuting attorney are located in the Northern District of California. Other prosecuting attorneys are located in Virginia. Acacia

acquired the patent from Zilog, Inc., a company in the Northern District of California that allegedly continues to have a financial interest in the patent and a license in the patent. At least two other entities in the Northern District of California have licenses to the patent. The licensees are likely to have witnesses or documents relevant to damages.

OPS's infringement contentions implicate components manufactured by several third parties. Of these third parties, Intel, Intersil Corporation, and Volterra Semiconductor Corporation are located in California. Another implicated third party, Texas Instruments ("TI") is headquartered in Dallas, Texas. Analog Devices, Inc. is located in Massachusetts. Finally, On Semiconductor is headquartered in Phoenix, Arizona and has offices in Plano and Austin, Texas. All of these entities are likely to have documents and witnesses relevant to infringement.

## APPLICABLE LAW

■ Defendants argue that they are entitled to transfer under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*In re Volkswagen I* ").

■ Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir.1963);

*In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed.Cir.2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed.Cir.2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

■ The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir.2008) ("*In re Volkswagen II* "). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

### The Relative Ease of Access to Sources of Proof

■ Despite technological advances that certainly lighten the relative inconvenience of transporting large amounts of documents across the country, this factor

is still a part of the transfer analysis. *In re Volkswagen II*, 545 F.3d at 316. Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *See id.* This factor will turn upon which party, usually the accused infringer, will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues. *See, e.g., In re Volkswagen II*, 545 F.3d at 314–15; *In re Nintendo*, 589 F.3d at 1199; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed.Cir.2009). However, documents that have been moved to a particular venue in anticipation of a venue dispute should not be considered. *In re Hoffmann–La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed.Cir.2009).

### The Availability of Compulsory Process to Secure the Attendance of Witnesses

 This factor will weigh more heavily in favor of transfer when more third-party witnesses reside within the transferee venue. *See In re Volkswagen II*, 545 F.3d at 316. The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *Id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann–La Roche Inc.*, 587 F.3d at 1338.

### The Cost of Attendance for Willing Witnesses

 This factor is analyzed giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re Volkswagen I*, 371 F.3d at 204. All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial. *See In re Genentech*, 566 F.3d at 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary.").

 The Fifth Circuit has adopted a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–05. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 205. When applying the "100 mile rule" the threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. If so, then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. The "100 mile rule" favors transfer (with differing degrees) if the transferee venue is a shorter average distance from witnesses than the transferor venue. *See In re Volkswagen II*, 545 F.3d at 317; *In re TS Tech*, 551 F.3d at 1320. Furthermore, the existence or non-existence of direct flights can impact the analysis of travel time. *See In re Volkswagen I*, 371 F.3d at 204, n. 3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the transferee venue, then this factor will favor transfer. However, the "100 mile rule" should not be rigidly applied. *See In re Genentech*, 566 F.3d at 1344. When a particular witness will be required to travel "a significant distance no matter where they testify," then that witness is discounted for purposes of the "100 mile rule" analysis. *Id.* (discounting European witnesses and documents transported from

Washington D.C. in the convenience analysis when reviewing a denial of transfer from Texas to California).

■■■ In cases where no potential witnesses are residents of the court's state, favoring the court's location as central to all of the witnesses is improper. *Id.* at 1344. Finally, this factor favors transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in transferor venue regardless of whether the transferor venue would be more convenient for all of the witnesses. *Id.* at 1344–45.

### Other Practical Problems

■■■ Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351 (Fed.Cir.2009) ("*In re Volkswagen III* ").

### The Administrative Difficulties Flowing from Court Congestion

■■■ The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. *In re Genentech,* 566 F.3d at 1347. This factor appears to be the most speculative, and this factor alone should not outweigh other factors. *Id.*

### The Local Interest in Having Localized Interests Decided at Home

■■■ The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I,* 371 F.3d at 206. This factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *See id.* Generally, local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re Volkswagen II,* 545 F.3d at 318 (in a products liability suit, disregarding local interest of citizens who used the widely-sold product within the transferor venue); *In re TS Tech,* 551 F.3d at 1321. Thus, when products are sold throughout the United States, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo,* 589 F.3d at 1198.

## ANALYSIS

■■■ As it would be a closer forum for their witnesses and documents, the Eastern District of Texas would be a more convenient venue for Dell, Lenovo, and non-parties TI, Analog Devices, On Semiconductor, and the prosecuting attorneys in Virginia. Of those entities, only defendant Dell and non-party TI are actually headquartered in Texas. However, neither Dell nor TI are located in the Eastern District of Texas.

California would be more convenient for Acacia, Apple, HP, Sony, and the non-party inventor, prosecuting attorney, Intel, Intersil, Volterra, Zilog, and the other licensees. All of these entities are based in California, and all but Sony are located in the Northern District of California.

No party has identified any witness or document in the Eastern District of Texas. OPS is located in the Eastern District of Texas, but has not identified a single document or employee in this District. OPS does not appear, and has not claimed, to have any business in this District besides pursuing this litigation.

Additionally, this District has no localized interest in this litigation, although Texas generally has some interest as this case implicates two Texas companies. In contrast, California, and specifically the

Northern District of California, has a great interest in this case. Two defendants and the plaintiff's parent company are located in the Northern District. Products manufactured by companies in the Northern District of California are implicated in this case. Another party is located in the Southern District of California. Additionally, many non-party entities and individuals relevant to this case are located in California.

California is a clearly more convenient venue for more witnesses and parties and has a much greater and localized interest in this litigation than this District. Accordingly, this case should be transferred to the Northern District of California for the convenience of the parties and witnesses.

## CONCLUSION

The Court **GRANTS** Defendants' motion and **ORDERS** this case transferred to the Northern District of California.