# United States Court of Appeals for the Federal Circuit

---

**IN RE BARNES & NOBLE, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 162

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Tennessee in No. 12-CV-2823, Chief Judge Jon Phipps McCalla.

---

JAMES S. BLACKBURN, Arnold & Porter, LLP of Los Angeles, California, for petitioner.

ROBERT E. FREITAS, Freitas Tseng & Kaufman LLP, of Redwood City, California, for respondent B.E. Technology, L.L.C. With him on the response was CRAIG R. KAUFMAN.

---

**ON PETITION**

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* REYNA.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

REYNA, *Circuit Judge.*

## O R D E R

Barnes & Noble, Inc. ("Barnes & Noble") seeks a writ of mandamus directing the United States District Court for the Western District of Tennessee to vacate its July 12, 2013 order denying Barnes & Noble's motion to transfer the case to the District Court for the Northern District of California and remand with instructions to transfer the case. B.E. Technology, LLC ("B.E.") opposes. Barnes & Noble replies.

In September 2012, B.E. filed this suit in the Western District of Tennessee against Barnes & Noble, alleging that Barnes & Noble's Nook® devices infringe one of B.E.'s patents. B.E.'s Chief Executive Officer, Martin Hoyle ("Hoyle"), is the founder of the company, and the named inventor on the asserted patent-in-suit. Hoyle has lived in the Western District of Tennessee since 2006, and he has run the company from there since 2008. Barnes & Noble is incorporated in Delaware and headquartered in New York, but it has an office in Palo Alto, California, where most of its activities related to the Nook® take place.

Barnes & Noble moved to transfer the case pursuant to 28 U.S.C. § 1404(a). That statute provides that a district court may transfer a case "for the convenience of parties and witnesses, in the interest of justice." Barnes & Noble argued that only Hoyle is located in the Western District of Tennessee, whereas many of the relevant Barnes & Noble witnesses reside in California. Barnes & Noble also argued that California is where all of its relevant evidence is located. In addition, Barnes & Noble argued that many third party witnesses with knowledge about potential prior art are closer to the transferee venue.

The district court denied the motion, agreeing with B.E. that the case should remain in Tennessee. The court acknowledged that party and non-party witnesses reside in California. However, because transfer would clearly impose the burden of travel and time away from home for any witness in Tennessee, the court found that the convenience of witness factor did not weigh in favor of transfer. The court further found fault with Barnes & Noble for not addressing how many of its employees would be unavailable to testify in Tennessee or why deposition testimony would not suffice in lieu of live testimony if the witnesses were unwilling to travel for trial.

In weighing the other relevant considerations, the district court found Barnes & Noble had not demonstrated the need to transfer the case to the Northern District of California. As to the parties, the court found both parties had demonstrated the possibility that business could be disrupted in one of the fora. Lastly, the court found that neither trial efficiency nor local interest caused the interests of justice factor to weigh in favor of transfer.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). That standard is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010). In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this case the Sixth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

We discern no clear abuse of discretion in the district court's decision to deny transfer. It addressed in depth

the convenience of the witnesses, the convenience to the parties, and the interest of justice, and in accord with Sixth Circuit law, did not find that these factors weighed strongly in favor of Barnes & Noble. *See Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

Barnes & Noble's arguments regarding the convenience of the witnesses were also considered and rejected by the district court. Barnes & Noble cites no Sixth Circuit case that would suggest that the district court erred in requiring it to demonstrate its employees would be unwilling or unable to testify if the case was tried in the Western District of Tennessee. Barnes & Noble tries to draw comparisons between this case and *In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009), in which the original venue "indisputably ha[d] no connection to any of the witnesses or evidence related to the cause of action." *Id.* at 1340-41. In this case, however, B.E. is based in the Western District of Tennessee, where its CEO and much of the relevant evidence are also found. This is thus not a situation where the district court has no meaningful connection to the case.[1]

We note that the dissent relies on a series of cases in which the Federal Circuit reviewed venue transfer under Fifth Circuit law. *See* Dissent at 3 (citing *In re Nintendo*

---

[1]  B.E. further notes that it has brought 18 other actions in the Western District of Tennessee involving the same patents at issue in this case. As B.E. correctly points out, we have held that a district court's experience with a patent in prior litigation or whether co-pending cases involve the same patent are permissible considerations in ruling on a motion to transfer. *See Vistaprint*, 628 F.3d at 1346-47 & n.3.

*Co.*, 589 F.3d 1194 (Fed. Cir. 2009), *In re Hoffman-La Roche*, 587 F.3d 1333 (Fed. Cir. 2009), *In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009), *In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011), *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010)). Unlike the Sixth Circuit, however, the Fifth Circuit has expressly held that while the transferee venue must be "clearly more convenient," district courts err when they require that § 1404(a) factors "must *substantially outweigh* the plaintiff's choice of venue." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) (emphasis added). The dissent would give the plaintiff's choice of forum here minimal weight so as not to reward "attempts of plaintiffs that do not practice their patents to rely on mere artifacts of litigation." Dissent at 3. But there is no indication on the record that B.E.'s connection to Tennessee was manufactured in anticipation of litigation to make the forum appear convenient. Based on the record in this case, "[c]ompelling considerations favor both parties' positions, making it difficult to say that the district court would have abused its discretion had he picked either location as the more appropriate forum." *Reese*, 574 F.3d at 320.

In sum, Barnes & Noble has failed to meet its exacting burden to demonstrate that the district court was clearly and indisputably incorrect in concluding that the case should not have been transferred to the Northern District of California. We therefore deny its petition.


Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

FOR THE COURT


February 27, 2014          /s/ Daniel E. O'Toole
        Date                   Daniel E. O'Toole
                               Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**IN RE BARNES & NOBLE, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 162

---

On Petition for a Writ of Mandamus to the United States District Court for the Western District of Tennessee in No. 12-CV-2823, Chief Judge Jon Phipps McCalla.

---

**ON PETITION**

---

NEWMAN, *Circuit Judge*, dissenting.

Until just prior to filing this and 19 other pending infringement suits in the same forum, the plaintiff B.E. Technology, LLC was not registered to do business in the state of Tennessee. The company is run and operated by the patent owner out of his home. The plaintiff has no other employees, and does not make, use or sell the patented subject matter in Tennessee or elsewhere.

The defendant Barnes & Noble has a large office in Palo Alto, California, where it employs over 400 people. The record states that Barnes & Noble employees that are most knowledgeable about the design, development, and operation of the accused product work in Palo Alto. The record also states that substantially all of the documents relating to the development, design, and components of the accused product are located in Barnes & Noble's Palo

Alto office, including documents relating to device and component specifications, design drawings, contracts with key commodity suppliers and software development plans. Although Barnes & Noble's accused product is sold nationwide, the Barnes & Noble evidence relevant to this litigation is located in Northern California.

Refusal to transfer this case should be reversed, and the writ of mandamus should issue to account for the extreme imbalance of convenience as between California and Tennessee. Although the sole employee of the plaintiff may live in Tennessee, we are required to consider not only the connection of the parties with the plaintiff's choice of forum, but also whether the disparity of convenience is so marked as to outweigh the plaintiff's traditional right to choose the forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (noting that "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient," and thus "a foreign plaintiff's choice deserves less deference.").

Transferring this case would not simply shift the burden of inconvenience to B.E. Like the district court, my colleagues ignore the likelihood that a substantial number of witnesses, including non-party witnesses with relevant and material information regarding the prior art, are located in the Northern District of California, while only one witness is in the Western District of Tennessee. Thus, the convenience of two venues at issue in this case is simply not comparable. Moreover, all of Barnes & Noble's evidence relating to the accused product is located in the Northern District of California, making it easier and more convenient to try this case in the transferee venue. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("'In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's

documents are kept weighs in favor of transfer to that location.'" (citation omitted)).

Our previous transfer cases well illustrate that the plaintiff's choice of forum here should be accorded minimal deference. In analogous circumstances to this case, this court in *In re Nintendo Co.*, 589 F.3d 1194 (Fed. Cir. 2009) and *In re Hoffmann-La Roche*, 587 F.3d 1333 (Fed. Cir. 2009) ordered transfer from the plaintiff's chosen forum based on "a stark contrast in relevance, convenience, and fairness between the two venues." *Nintendo*, 589 F.3d at 1198; *Hoffmann-La Roche*, 587 F.3d at 1336; *see also In re Genentech*, 566 F.3d 1338 (Fed. Cir. 2009). More recently, in *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) and *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) we rejected the attempts of plaintiffs that do not practice their patents to rely on mere artifacts of litigation.

The reasons for transfer of the present case are just as compelling as for this precedent. Consistency of judicial ruling is no less important in procedural and discretionary matters than in questions of substantive law. *See United States v. Burr,* 25 F. Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.) ("But a motion to [the court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles."); *see also Van Dusen v. Barrack*, 376 U.S. 612, 643 (1964) ("The matters to be weighed in assessing convenience and fairness are prevasively shaped by the contours of the applicable laws.").

The fact that the transfer decision is within the sound discretion of the district court does not mean that applicable legal principles may be ignored. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Consistency and objectivity are essential. Accordingly, "in a case featuring most witnesses and evidence closer to the

transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *Nintendo*, 589 F.3d at 1198; *see also Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (stating that the court would reverse a district court's balance of the transfer considerations upon a finding of a clear abuse of discretion). This is such a case. From my colleagues' denial of the petition, I must, respectfully, dissent.