NEWMAN, Circuit Judge,
dissenting.
Until just prior to filing this and 19 other pending infringement suits in the same forum, the plaintiff B.E. Technology, LLC was not registered to do business in the state of Tennessee. The company is run and operated by the patent owner out of his home. The plaintiff has no other employees, and does not make, use or sell the patented subject matter in Tennessee or elsewhere.
The defendant Barnes & Noble has a large office in Palo Alto, California, where it employs over 400 people. The record states that Barnes & Noble employees that are most knowledgeable about the design, development, and operation of the accused product work in Palo Alto. The record also states that substantially all of the documents relating to the development, design, and components of the accused product are located in Barnes & Noble’s Palo Alto office, including documents relating to device and component specifications, design drawings, contracts with key commodity suppliers and software development plans. Although Barnes & Noble’s accused product is sold nationwide, the Barnes & Noble evidence relevant to this litigation is located in Northern California.
Refusal to transfer this case should be reversed, and the writ of mandamus should issue to account for the extreme imbalance of convenience as between California and Tennessee. Although the sole employee of the plaintiff may live in Tennessee, we are required to consider not only the connection of the parties with the plaintiffs choice of forum, but also whether the disparity of convenience is so marked as to outweigh the plaintiffs traditional right to choose the forum. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (noting that “the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient,” and thus “a foreign plaintiffs choice deserves less deference.”).
*1385 Transferring this case would not simply shift the burden of inconvenience to B.E. Like the district court, my colleagues ignore the likelihood that a substantial number of witnesses, including non-party witnesses with relevant and material information regarding the prior art, are located in the Northern District of California, while only one witness is in the Western District of Tennessee. Thus, the convenience of two venues at issue in this case is simply not comparable. Moreover, all of Barnes & Noble’s evidence relating to the accused product is located in the Northern District of California, making it easier and more convenient to try this case in the transferee venue. See In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed.Cir.2009) (“ ‘In patent infringement cases, the bulk of the relevant evidence usually comes from the accused in-fringer. Consequently, the place where the defendant’s documents are kept weighs in favor of transfer to that location.’ ” (citation omitted)).
Our previous transfer cases well illustrate that the plaintiffs choice of forum here should be accorded minimal deference. In analogous circumstances to this case, this court in In re Nintendo Co., 589 F.3d 1194 (Fed.Cir.2009) and In re Hoffmann-La Roche, 587 F.3d 1333 (Fed.Cir. 2009) ordered transfer from the plaintiffs chosen forum based on “a stark contrast in relevance, convenience, and fairness between the two venues.” Nintendo, 589 F.3d at 1198; Hoffmann-La Roche, 587 F.3d at 1336; see also In re Genentech, 566 F.3d 1338 (Fed.Cir.2009). More recently, in In re Microsoft Corp., 630 F.3d 1361, 1364 (Fed.Cir.2011) and In re Zimmer Holdings, Inc., 609 F.3d 1378, 1381 (Fed.Cir.2010) we rejected the attempts of plaintiffs that do not practice their patents to rely on mere artifacts of litigation.
The reasons for transfer of the present case are just as compelling as for this precedent. Consistency of judicial ruling is no less important in procedural and discretionary matters than in questions of substantive law. See United States v. Burr, 25 F.Cas. 30, 35 (No. 14,692d) (C.C.D.Va. 1807) (Marshall, C.J.) (“But a motion to [the court’s] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.”); see also Van Du-sen v. Barrack, 376 U.S. 612, 643, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (“The matters to be weighed in assessing convenience and fairness are prevasively shaped by the contours of the applicable laws.”).
The fact that the transfer decision is within the sound discretion of the district court does not mean that applicable legal principles may be ignored. See Martin v. Franklin Capital Corp., 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Consistency and objectivity are essential. Accordingly, “in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.” Nintendo, 589 F.3d at 1198; see also Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir.2009) (stating that the court would reverse a district court’s balance of the transfer considerations upon a finding of a clear abuse of discretion). This is such a case. From my colleagues’ denial of the petition, I must, respectfully, dissent.