NEWMAN, Circuit Judge,
dissenting.
The plaintiff, Core Wireless Licensing, S.A.R.L., is a Luxembourg company having one employee. Core Wireless maintains a wholly-owned subsidiary, Core Wireless USA, a Texas corporation with 6 employees who live in or near Plano, Texas. Core Wireless USA’s employees manage Core Wireless’s patent portfolio, including any licensing agreements deriving therefrom. Neither Core Wireless nor Core Wireless USA makes, uses, or sells the patented subject matter in Texas or elsewhere.
The accused products are versions of Apple Incorporated’s iPhone and cellular iPad products. Apple has been headquartered in Cupertino, California since 1976. Apple’s management and primary research and development facilities are also located in Cupertino where Apple employs over *1380 13,000 people. The record also states that the research, design, and development of the accused products took place in Cuper-tino and that virtually all Apple business documents and records relating to the research, design, development, marketing strategy, and product revenue for the accused products are located in or near Cu-pertino. Additionally, Apple has stated that its foreseeable witnesses with knowledge of the research, design, and development of the accused products reside or work in or near Cupertino.
Refusal to transfer this case should be reversed, and the writ of mandamus should issue to account for the extreme imbalance of convenience as between California and Texas.
My colleagues defend the district court’s conclusion that it was unable to evaluate the convenience of witnesses in its transfer analysis because Apple failed to name its witnesses. The district court has greatly mischaracterized Apple’s proffered evidence. Apple may not have identified specific witnesses or singled out individual documents; however, the evidence proffered makes it clear that all relevant Apple witnesses and documents are located in the Northern District of California. The evidence also shows that the suppliers of the accused components are located in California — Qualcomm Incorporated is based in San Diego and Intel Corporation is based in Santa Clara. Under a proper transfer analysis, these facts lead to only one conclusion — this case should be transferred to the Northern District of California.
This case is analogous to In re Genentech, 566 F.3d 1338 (Fed.Cir.2009). In that case, we granted a petition for a writ of mandamus directing the court to, transfer the case to the Northern District of California because The Eastern District of Texas had no-meaningful connection to the litigation. Such is the case here, as nothing else ties this case to Texas.
In Genentech we observed that there were “a substantial number of witnesses with material and relevant information residing in either the transferee venue or the state of California who will be unnecessarily inconvenienced in having to travel to Texas to testify.” 566 F.3d at 1348. We further noted that two of the three parties were headquartered in the Northern District of California or had facilities in San Diego, California, realizing that this would greatly reduce any transportation of documents related to the accused products. Id. We also explained that the Northern District of California would have the authority to compel many witnesses to appear at trial if necessary. Id. The similarities between the facts of this case and Genentech are striking.
In Genentech we also explained that “[i]n patent infringement, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant’s documents are kept weighs in favor of transfer to that location.” Id. at 1345 (quotation marks omitted) (citation omitted). There is nothing to suggest to the' contrary in this case.
Finally, I am struck by how heavily the local interest factor favors the Northern District of California. Apple is a robust company that supports the local economy of Cupertino, California, employing over 13,000 people. Core Wireless, on the other hand, is a non-United States corporation with one employee that exists solely to license its patent portfolio. To carry out this task, Core Wireless employs 6 people through a subsidiary in Plano, Texas. Apple’s impact on the local economy in the *1381 Northern District of California is clearly much greater than that of Core Wireless in the Eastern District of Texas.
Thus, although transfer is within the sound discretion of the district court, “in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.” In re Nintendo Co., 589 F.3d 1194, 1198 (Fed.Cir.2009). This is such a case. From my colleagues’ denial of the petition, I must, respectfully, dissent.