# United States Court of Appeals for the Federal Circuit

---

**IN RE VERIZON BUSINESS NETWORK SERVICES INC. VERIZON ENTERPRISE DELIVERY LLC, VERIZON SERVICES CORP., AT&T CORP., QWEST COMMUNICATIONS CORPORATION, AND QWEST CORPORATION,**

*Petitioners.*

---

Miscellaneous Docket No. 956

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 08-CV-0215, Judge T. John Ward.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before LOURIE, GAJARSA, and LINN, *Circuit Judges.*

LINN, *Circuit Judge.*

---

BRYANT C. BOREN, JR., Baker Botts LLP, of Palo Alto, California, for petitioner AT&T Corporation. With him on the petition were CHRISTOPHER W. KENNERLY, KEVIN E. CADWELL and JOSHUA J. PARKER.

BRIAN D. ROCHE, Reed Smith LLP, of Chicago, Illinois, for petitioners Qwest Communications Corporation, et al. With him on the petition was DOYLE B. JOHNSON.

GEOFFREY P. EATON, Winston & Strawn LLP, of Washington, DC, for petitioners Verizon Business Network Services Inc., et al. With him on the petition were CHARLES B. MOLSTER, III, PETER C. MCCABE, III and KURT A. MATHAS. Of counsel were JOHN THORNE, Verizon Corporation Resources Group LLC, of Arlington, Virginia; and LEONARD C. SUCHYTA and CAREN K. KHOO, of Basking Ridge, New Jersey.

DOUGLAS A. CAWLEY, McKool Smith, P.C., of Dallas, Texas, for respondent Red River Fiber Optic Corporation. With him on the response were DAVID SOCHIA, CHRISTOPHER T. BOVENKAMP and STEVEN CALLAHAN.

## O R D E R

Section 1404(a) of Title 28 of the United States Code authorizes a change of venue from one district court to another "[f]or the convenience of parties and witnesses, in the interest of justice." The principal question in this petition for a writ of mandamus is whether the trial court could plausibly justify denying transfer to a far more convenient venue based solely on its previous handling of a lawsuit involving the same patent that settled more than five years before this suit was filed. Because we cannot discern a supportable basis for that conclusion, we grant the petition.

### I.

This petition arises out of a patent infringement suit against the six petitioner-defendants, Verizon Services Corp., Verizon Business Network Services Inc., Verizon

Enterprise Delivery LLC, AT&T Corp., Qwest Corporation, and Qwest Communications Corporation, brought by the respondent-plaintiff, Red River Fiber Optic Corporation. Red River's complaint asserts that the defendants' end-to-end fiber optic transmission systems infringe U.S. Patent No. 5,555,478, entitled "Fiber optic information transmission system."

Red River brought this suit in the Eastern District of Texas. Although Red River is operated from Oklahoma, it incorporated under the laws of Texas and asserts that its principal place of business is now in Marshall, Texas. According to Red River, it is "a Texas corporation that exists to improve the state of technology by licensing [its patent]." *Respondent's Opp'n* at 8.

The petitioners moved to transfer this case to the Northern District of Texas, Dallas Division, approximately 150 miles away. The motion was initially denied by a Magistrate Judge. In his decision, the Magistrate agreed with the petitioners that the Northern District of Texas, Dallas Division would likely be more convenient for the parties and the witnesses. He further noted that a number of party witnesses resided within 100 miles of Dallas and no witness resided within 100 miles of Marshall, Texas. However, the Magistrate held that judicial economy favored maintaining this suit in Marshall, Texas. The Magistrate noted that the court had previously handled a lawsuit involving the same patent and had construed 25 of the patent's terms. That previous suit settled in 2003.

The petitioners sought review of that order with the district court, contending that the length of time between the two cases and the more recent reexamination warranted a result contrary to the Magistrate's decision. The district court agreed with the Magistrate. The court noted that despite the reexamination, "there would be an overlap of issues for claim construction allowing the Court

to take advantage of the built-in efficiencies that result from having the same Court hearing related cases." *Red River Fiber Optic Corp. v. Verizon Servs. Corp.*, 08-CV-0215, slip op. at 2 (E.D. Tex. Aug. 3, 2010). The court further noted that transferring the case now would not only waste those built-in efficiencies but in addition "the past two years of litigation before this Court will have to be duplicated." *Id.*

## II.

A motion to transfer under § 1404(a) calls upon the trial court to weigh a number of case-specific factors based on the individualized facts on record. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Although a trial court has great discretion in these matters, mandamus may issue when the trial court's application of those factors creates a patently erroneous result. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc); *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1318-19 (Fed. Cir. 2008).

In *Volkswagen*, the Fifth Circuit sitting en banc granted mandamus and determined that a significant number of witnesses and parties were located within 100 miles of the Dallas Division and could be deposed and testify without significant travel or expense, while no witness or party was located within the Marshall Division. 545 F.3d at 316-17. The Fifth Circuit held that the trial court's denial of transfer was patently erroneous, in part because every witness would be required to expend significant time and cost to attend trial.

This case is in many respects analogous to *Volkswagen*. As in that case, there is a stark contrast in convenience and fairness with regard to the identified witnesses. It appears that many witnesses reside within 100 miles of the Dallas Division and would also be subject to the Northern District's subpoena powers. Meanwhile,

it is undisputed that no witness resides within 100 miles of the Marshall Division. Thus, maintaining trial in the Marshall Division would require witnesses to undergo the cost, time, and expense of travel, which would be significantly reduced if this case was transferred to the Dallas Division.

Red River attempts to distinguish this case from *Volkswagen* on the grounds that it has a presence in the Eastern District of Texas and has maintained sources of proof in Marshall, Texas from its prior litigation in the Eastern District of Texas that settled in 2003. Red River itself, however, acknowledges that these documents are artifacts of its prior litigation and that it has no employees in its offices in the Eastern District of Texas. Red River alternatively suggests that perhaps Oklahoma, where its sole owner resides, should be considered its actual place of business. *See Respondent's Opp'n* at pg. 24, n.20 ("If this Court concludes that Red River's Marshall-based location and documents are not entitled to any weight, it should also conclude that Red River, for transfer purposes, is located in Oklahoma"). In any event, it is clear that trial in Dallas would be far more convenient.

Red River contends that despite the contrast in convenience between the venues, denial of transfer was nevertheless plausible. However, Red River's basis for that conclusion is the trial court's previous handling of a lawsuit involving the same patent that settled more than five years before this suit was filed. The Eastern District of Texas would have to relearn a considerable amount based on the lapse in time between the two suits and would likely have to familiarize itself with reexamination materials that were not part of the record during the previous suit.

To interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling

showing of transfer would be inconsistent with the policies underlying § 1404(a). We recently advised against such ironclad rules in *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347, n.3 (Fed. Cir. 2010) and we heed that advice on these facts. In *Vistaprint*, we stated:

> Our holding today does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue. However, where, as here, the trial court performed a detailed analysis explaining that it is very familiar with the only asserted patent and the related technology, and where there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, we cannot say the trial court clearly abused its discretion in denying transfer.

*Id.*

In *Vistaprint*, we denied mandamus to overturn a denial of transfer and determined that the district court properly considered both its previous experience construing claims of the patent at issue and co-pending litigation before the district court involving the same patent and underlying technology. In this case, there is no assertion that there is an additional pending lawsuit in the Eastern District involving the patent and technology. Absent that, we deem the Eastern District's previous claim construction in a case that settled more than five years before the filing of this lawsuit to be too tenuous a reason to support denial of transfer.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted.

FOR THE COURT

March 23, 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk