NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

IN RE MORGAN STANLEY, MORGAN STANLEY & CO. INCORPORATED, J.P. MORGAN CHASE & CO., J.P. MORGAN SECURITIES, INC., J.P. MORGAN CLEARING CORP., CREDIT SUISSE HOLDINGS (USA), INC., CREDIT SUISSE SECURITIES (USA) LLC, THE GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS & CO., GOLDMAN SACHS EXECUTION & CLEARING LP, SWS GROUP, INC., AND SOUTHWEST SECURITIES, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 962

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 09-CV-0326, Judge Leonard Davis.

---

IN RE BATS TRADING, INC. (ALSO KNOWN AS BATS EXCHANGE, INC.), THE NASDAQ OMX GROUP, INC., NASDAQ OMX PHLX, INC., INTERNATIONAL SECURITIES EXCHANGE, LLC, CHICAGO BOARD OPTIONS EXCHANGE, INCORPORATED, NYSE EURONEXT, NYSE ARCA, INC., NYSE AMEX, LLC, SECURITIES INDUSTRY AUTOMATION

CORPORATION, OPTIONS PRICE REPORTING
AUTHORITY, BOSTON OPTIONS EXCHANGE
GROUP, LLC, CME GROUP, INC., BOARD OF
TRADE OF THE CITY OF CHICAGO, INC., AND NEW
YORK MERCANTILE EXCHANGE, INC.,
*Petitioners.*

---

Miscellaneous Docket No. 964

---

On Petition for Writ of Mandamus to the United
States District Court for the Eastern District of Texas in
case nos. 09-CV-0327, Judge Leonard Davis.

---

**IN RE THOMSON REUTERS CORPORATION,
FACTSET RESEARCH SYSTEMS INC.,
BLOOMBERG L.P. AND INTERACTIVE DATA
CORPORATION,**
*Petitioners.*

---

Miscellaneous Docket No. 967

---

On Petition for Writ of Mandamus to the United
States District Court for the Eastern District of Texas in
case no. 6:09-CV-00333, Judge Leonard Davis.

---

ON PETITION

Before RADER, *Chief Judge*, NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

## ORDER

The petitioners seek a writ of mandamus from orders denying transfer pursuant to 28 U.S.C. § 1404(a). That section authorizes a court of proper jurisdiction to nevertheless transfer a case "for the convenience of the parties and witnesses, in the interest of justice." Because the record plainly shows that the United States District Court for the Southern District of New York is clearly more convenient and fair for trial and that the determination of the United States District Court for the Eastern District of Texas denying transfer was reached by a clear abuse of discretion, we grant the petitions.

I.

Despite the complexity inherent in considering the matter of 41 defendants seeking transfer in three actions, the facts underlying these petitions are relatively straightforward. Realtime Data, LLC, a non-practicing entity headquartered in New York, sued a large number of financial-related brokers, dealers, exchanges and market data providers. Realtime's complaints allege infringement of four patents relating to data compression systems and methods. All three suits were filed in the Eastern District of Texas.

The petitioners moved to transfer the cases to the Southern District of New York on the grounds that the plaintiff and 27 defendants are headquartered in or near that venue and trial would therefore be more convenient. The other defendants in Texas, Illinois, and other Northeast states all joined the motion to transfer. The district court denied those motions based on its familiarity with two of the patents-in-suit and the underlying data com-

pression technology from a prior litigation brought by Realtime in the venue.

## II.

### A.

This court has applied Fifth Circuit law in cases arising from district courts in that circuit to hold that mandamus may issue when the trial court's application of those factors creates a patently erroneous result. *See, e.g. In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010); *In re Nintendo Co., Ltd.*, 589 F.3d 1194 (Fed. Cir. 2009); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).

This court dealt with similar circumstances in *Acer*. There, the plaintiff and five defendants were headquartered in the transferee venue and the plaintiff filed suit in a venue that had no apparent connection to the cause of action. 626 F.3d at 1254. Under those circumstances, this court granted mandamus holding that the large number of parties with presence in the transferee forum was "an important consideration" and that a denial of transfer would require almost every witness to expend significant time and cost in order to attend trial. *Id.* at 1255-56.

Given that the plaintiff and 27 defendants are headquartered in or close by the transferee venue here, these cases make an even more compelling showing for transfer. Notably, the inventors, patent prosecution attorneys, and the defendants' employees with unique knowledge regarding the accused products reside in or near the transferee venue. Meanwhile, no party is headquartered within a

hundred miles of the Eastern District of Texas. In addition, Realtime has only vaguely referenced two individuals in that venue having some relevant information to the case. Thus, transfer would significantly minimize the cost, time, and expense of travel to attend trial, which is the very purpose of § 1404(a). *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

## B.

Realtime nevertheless contends that a writ should not issue to compel the district court to comply with *Acer* and our prior precedent. In this regard, Realtime asserts that the judiciary has an interest in maintaining these cases in the Eastern District of Texas because it would eliminate the need for a different judge to become educated on the patents and technology.

The interest of justice as a component of a § 1404(a) analysis takes into consideration how administration of the court system would best be served in deciding a transfer motion. *See Van Dusen v. Barrack*, 376 U.S. 612, 625 (1964). Factors considered under an interest of justice analysis have traditionally included where the litigant is more likely to receive a speedy trial, consolidation of related litigation, and the ability to have a federal judge try a case who is more familiar with the applicable state law at issue in diversity actions. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *see also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

This court twice recently considered and rejected arguments that the preservation of judicial economy should preclude transfer to a far more convenient venue. In *Zimmer Holdings*, the district court denied transfer to a more convenient venue because the patentee had a pend-

ing suit in that venue involving one of sixteen patents asserted in the two cases. 609 F.3d at 1382. We held that the district court had erroneously prevented transfer based solely on that ground because the cases would result in significantly different discovery, evidence, proceedings, and trial. *Id.*

*In re Verizon*, __ F.3d __, 2010-M956 (Fed. Cir. Mar. 23, 2011) also involved denial of transfer to a far more convenient venue based solely on the district court's prior familiarity with the patent. Similar to this case, the district court in *Verizon* denied transfer because it had previously issued a claim construction order in a case involving the same patent. In granting mandamus to direct transfer, we explained that "[t]o interpret § 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying § 1404(a)." *Verizon*, 2010-M956 slip op. at 5.

As the opinions in *Zimmer* and *Verizon* indicate, the proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation. That is the only conclusion that we can draw from the facts here. As noted above, 28 parties are located either in or close to the transferee venue and no party is located in the Eastern District of Texas. Moreover, despite the district court's prior familiarity with some of Realtime's patents, half of the patents asserted here were not asserted in the prior litigation. Furthermore, there is no relation between the prior suit and the financial products or services involved in these cases except for data compression generally. Thus, no matter where the case is tried, a court will have to familiarize itself with new patents, new subject matter, and new technology. In addition, all three related cases will be decided by the

same court upon transfer. Thus, granting transfer will not require multiple courts to simultaneously decide the same or similar issues.

Finally, Realtime argues that the court congestion factor weighs against transfer. However, we do not regard the prospective speed with which this case might be brought to trial to be of particular significance in this case. Realtime acknowledges that it does not make or sell any product that practices the claimed invention. It therefore is not in need of a quick resolution of this case because its position in the market is threatened. Nor has Realtime pointed to any other reason that a more rapid disposition of the case would be important enough to be assigned significant weight in the transfer analysis.

Accordingly,

IT IS ORDERED THAT:

The petitions are granted.

FOR THE COURT

__APR 0 6 2011__                    /s/ Jan Horbaly
Date                                 Jan Horbaly
                                     Clerk

cc:  Daniel A. DeVito, Esq.
     Robert A. Cote, Jr., Esq.
     Keith J. Grady, Esq.
     Scott F. Partridge, Esq.
     Rick L. Rambo, Esq.
     David R. Francescani, Esq.
     Michael M. Murray, Esq.
     Lynn E. Rzonca, Esq.
     James H. Shalek, Esq.
     Benjamin W. Hattenbach, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 6 2011

JAN HORBALY
CLERK

Constance S. Huttner, Esq.
John M. DiMatteo, Esq.
Brian E. Moran, Esq.
Clerk, United States District Court For The Eastern District Of Texas

s19