ON PETITION
ORDER
PER CURIAM. Circuit Judge Taranto and Circuit Judge Hughes did not participate.
Apple, Inc. petitions for a writ of mandamus from an order of the United States District Court for the Eastern District of Texas denying its motion to transfer venue pursuant to 28 U.S.C. § 1404(a). We grant the petition.
Background
On December 19, 2012, EON Corp. IP Holdings, LLC (“EON”) filed suit against Apple in the Eastern District of Texas asserting infringement of four patents: U.S. Patent Nos. 5,592,491 (the “'491 patent”), 5,388,101 (the “'101 patent”), 5,481,-546 (the “'546 patent”), and 5,663,757 (the “'757 patent”).
The record in this case presents certain facts that, while perhaps not relevant to overall substantive patent issues, are sig *887 nificant in the context of venue transfer under § 1404(a). Here, the plaintiff, EON, is headquartered in Texas, but is not involved in manufacturing, marketing, or distribution of any products. It has one employee in Texas, but EON has not identified this sole employee as relevant to the issues in this case. EON has no general, selling, or administrative costs, and hence, it has no records related to such typical corporate activities. It exists to file lawsuits and presumably to engage in licensing activities throughout the United States. While the law recognizes EON’s right as a plaintiff to select its forum, the Supreme Court and Congress have determined that this right is not unfettered.
Apple, headquartered in Cupertino, California, moved to transfer venue to the United States District Court for the Northern District of California pursuant to § 1404(a), which authorizes transfer of a civil action “[f]or the convenience of parties and witnesses, in the interest of justice.”
According to Apple’s filings, all of its relevant evidence was in the Northern District of California. Apple further claimed that at least eight party witnesses, along with several prospective non-party witnesses, reside in the Northern District of California. Apple identified third-party witnesses Patrick King and John Wagner, the prosecuting attorneys for the asserted patents; Lauren Battaglia, a former EON employee; Intellectual Ventures; Latham & Watkins LLP; and Pillsbury Winthrop LLP, as having relevant and material information and residences or offices in the Northern District of California. Apple also argued that the Eastern District of Texas was no more familiar with this family of patents than other venues, including the transferee venue, given “EON is currently litigating the '491 patent ... in the Northern District of California.” In addition, Apple pointed out that EON had maintained litigation involving the same family of patents in the United States District Courts for the District of Delaware and the District of Puerto Rico.
The district court denied Apple’s transfer motion. EON Corp. IP Holdings, LLC v. Apple, Inc., 6:12-cv-941 (E.D.Tex. Mar. 28, 2014), ECF Nos. 40, 53 (“Transfer Order”). To reach this decision, the district court applied the traditional private and public interest forum non conveniens factors See In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed.Cir.2008). As to the convenience of the witnesses, the district court found that this factor favors transfer. The district court determined that “[w]hile neither EON nor Apple provides significant detail as to the information possessed by the identified witnesses, and neither suggests that they would require all the witnesses identified to actually attend trial, Apple has identified some witnesses who appear to reside in [the Northern District of California].” Id. at *8. The court found that neither party identified any witnesses in the Eastern District of Texas.
The district court also found that the compulsory process factor was neutral. In doing so, the district court’s order addressed only Mr. King, one of the prosecuting attorneys for the asserted patents. The district court’s order is silent with respect to the other non-party witnesses identified by Apple. See id.
The district court further concluded that the practical problems factor disfavored transfer. The court noted that “[a]t the time this case was filed on December 19, 2012, and as of the time the instant motion was filed on April 3, 2013, it was evident that it could be consolidated with other co-pending cases in this district involving the same Patents-in-Suit.” Id. at *9. The court added that “this Court has already construed the '101, '546, and '491 Patents *888 several times,” and thus “significant judicial economy will be realized if this Court retains the above captioned case.” Id.
On balance, the district court determined that “the convenience of the witnesses favor transfer, the relative ease of access to sources of proof slightly favors transfer, practical problems disfavor transfer, while the remaining factors are neutral” and thus, “Apple has not shown that it is clearly more convenient for the parties and witnesses to transfer the instant case to [the Northern District of California.]” Id. at *12.
Discussion
We apply regional circuit law, in this case Fifth Circuit law, to procedural issues and issues that do not involve substantive patent law. See In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed.Cir.2008). In determining whether transfer is warranted, the Fifth Circuit considers the public and private factors used in forum non conveniens analysis. Id. Mandamus is an appropriate remedy to rectify an erroneous consideration of the forum non conveniens factors, as an appeal from final judgment would be an inadequate remedy. Id. at 1322. Petitioners seeking mandamus relief face a high hurdle. We will grant mandamus relief only when a district court’s clear abuse of discretion produces a patently erroneous result. In re Volkswagen of Am., Inc., 545 F.3d 304, 310 (Fed.Cir.2008). This is such a case.
We hold that the district court’s denial of transfer was a “ ‘clear’ abuse of discretion” warranting mandamus relief. Id. First, the district court failed to fully consider the facts in the record. Second, the district court erred in finding the compulsory process factor neutral. Third, the district court failed to give proper weight to the convenience of the witnesses factor. Fourth, the district court improperly assessed the weight of the practical problems factor. Finally, the district court failed to properly balance the relative convenience of the venues and the interest of justice in light of those facts.
The district court erred in its analysis of the compulsory process factor by failing to fully consider the facts in the record. In its decision as to this factor, the district court addressed only Mr. King. But, it should have also addressed the other identified prospective witnesses, including the other non-party individuals and firms identified in Apple’s reply brief and initial disclosures. See In re Volkswagen AG, 371 F.3d 201, 204-05 (5th Cir.2004) (finding error in the district court’s disregard of many third-party witnesses with relevant knowledge).
The dissent finds no fault in the district court ignoring record evidence. The dissent argues that district courts have “discretion to disregard evidence offered for the first time in a reply brief, and cites a string of cases to support this contention. Dissent at 890-91. Yet, all but two of the cases cited by the dissent focus on new arguments first made in a reply brief. The two cases that address new evidence, as opposed to new arguments, are district court conclusions that new evidence presented in a reply brief may be disregarded, but neither of these cases involve venue transfer analysis under § 1404(a).
The dissent also makes other arguments that it believes show that the district court did not err. Dissent at 891-92. Yet, these arguments are precisely what is lacking in the district court’s opinion denying transfer. Indeed, the district court’s order fails to mention the five other witnesses identified by Apple in its reply brief, or that it disregarded those witnesses because they were identified in a reply brief. Either way, we are left with the conclusion that the district court ignored the relevant evi *889 dence that the dissent would have treated differently.
The district court also erred in finding that the compulsory process factor was neutral. This factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue. In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed.Cir.2009). Here, the record reflects that six potential third-party witnesses reside within the Northern District of California. This means that the Northern District of California would have authority to compel these witnesses to appear for both deposition and trial. Fed.R.Civ.P. 45(c)(1)(A); In re Acer of Am. Corp., 626 F.3d 1252, 1255 (Fed.Cir.2010). Conversely, the Eastern District of Texas would lack authority to compel testimony from any of the identified witnesses.[1]
The district court further erred by failing to give proper weight to the convenience of the witnesses factor. Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established in In re Volkswagen AG, 371 F.3d 201, 205 (5th Cir. 2004) a “100-mile” rule, which requires that “[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.” Id. at 204-05. Apple identified at least eight prospective party witnesses in the transferee venue with relevant material information, while EON failed to identify a single prospective witness in the Eastern District of Texas. On the Apple side of the balance are eight identified witnesses while on the EON side of the balance are none. Such a strong showing of convenience weighs heavily in favor of transfer. See, e.g., In re Nintendo Co., Ltd., 589 F.3d 1194, 1199-1200 (Fed.Cir. 2009).
The district court also erred by improperly assessing the weight of the practical problems factor. EON argues that this case should be heard in the Eastern District of Texas because the Eastern District of Texas has prior experience with the patents and efficiencies would result in keeping the related cases together. But judicial economy is just one relevant consideration in determining how administration of the court system would best be served in deciding a transfer motion. See Van Dusen v. Barrack, 376 U.S. 612, 626-27, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). “The proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation.” In re Morgan Stanley, 417 Fed.Appx. 947, 949 (Fed.Cir.2011). Although the Eastern District of Texas has prior experience in construing this family of patents, so too does the Northern District of California. While transfer may mean that some of the other related cases remain in the Eastern District of Texas, multidistriet litigation procedures exist to mitigate inefficiencies in this type of situation. In re EMC Corp., 677 F.3d 1351, 1360 (Fed.Cir. 2012) (“Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407.”). While multidistrict litigation *890 procedures and the Northern District of California’s familiarity with one of the patents in suit do not render the practical problems factor neutral, they do mitigate some judicial economy concerns such that the district court should not have weighed this factor so heavily against transfer.
The dissent argues that “[t]he majority does not point to any factual or legal error by the district court with regard to the judicial efficiency factor, but simply disagrees with the district court as to the importance of that factor.” Dissent at 7. That is incorrect. The effect of the combined errors noted above, in addition to the court’s failure to account for significant, relevant evidence concerning convenience and compulsory process, inevitably led the district court to err in balancing the relative convenience factors with the interests of justice, regardless of any assigned weight to the judicial efficiency factor. In sum, the district court’s clear abuse of discretion led it to reach the patently erroneous determination that transfer is not warranted.
Accordingly,
It Is Ordered That:
The petition for a writ of mandamus is granted, the order denying the motion to transfer is vacated, and the case is remanded with directions to grant Apple’s motion to transfer.

. Whether these identified witnesses are willing to attend trial or not, the location of the witnesses and costs associated with travel to the Eastern District of Texas are relevant to the convenience analysis. See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W.D. of Tex., — U.S. -, 134 S.Ct. 568, 581 n. 6, 187 L.Ed.2d 487 (2013) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).