NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  PANDORA MEDIA, LLC,**

*Petitioner*

---

2021-172

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00731-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges*.

PER CURIAM.

## O R D E R

Pandora Media, LLC, petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this action to the United States District Court for the Northern District of California.  Bluebonnet Internet Media Services, LLC opposes.  Pandora replies.  We conclude that the court's denial of Pandora's motion to transfer amounts to a clear abuse of discretion.  We therefore grant mandamus directing transfer.

I

Bluebonnet, a patent assertion entity based in the Northern District of Texas, brought this action in the Waco Division of the Western District of Texas. Bluebonnet's complaint charged Pandora, a Delaware company head-quartered in Oakland, California, with infringement of four patents related to streaming media services.

Pandora moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Pandora asserted that the Northern District of California was a clearly more convenient forum than the Western District of Texas. In support of its motion, Pandora noted that the technology underlying the asserted patents was developed by Bluebonnet's predecessor-in-interest, Friskit, Inc., in San Francisco, California. The asserted patents, according to Pandora, are members of the same family of patents as those that were at issue in cases previously transferred to, and litigated in, the Northern District of California. Several of those patents were held invalid in that litigation. App. 98–101.

Pandora noted that most of its employees who have knowledge relevant to the accused functionality work in its offices within the Northern District of California. *Id.* at 104. Pandora also identified 14 non-party witnesses who are located in the Northern District of California, including: (1) Friskit's former Chief Software Engineer; (2) Friskit's former Chief of Operations; (3) seven former Pandora employees who were the inventors of Pandora patents referred to in Bluebonnet's complaint; (4) a witness who was expected to testify about prior art, including the prior art introduced in the prior litigation in the Northern District of California; and (5) four former Pandora engineers who were involved in the development of the accused functionality. *Id.* at 98–99, 101, 106, 119–20, 268.

In response, Bluebonnet argued that various Pandora employees had information relevant to Bluebonnet's

damages theories.  According to Bluebonnet, four of those Pandora employees were located in Austin, Texas; two were located outside of the Western District of Texas, but within the subpoena power of the district court; and one was located in Boulder, Colorado.  *Id.* at 237, 239–41.  Bluebonnet also pointed out that Waco is closer than the Northern District of California to the residences of the inventors of the patents in suit, who are located in Israel and Maryland, and that Waco is closer than the Northern District of California for two potential non-party witnesses located in New York and Philadelphia.  Bluebonnet also argued that Pandora had failed to "outline the substance of" the testimony that would be given by the seven former Pandora employees who were inventors of the Pandora patents, and that Pandora was merely speculating that the former Friskit employees in California had information relevant to this case.  *Id.* at 242.

The district court denied Pandora's transfer motion.  At the outset, the court found that this action could have been brought in the Northern District of California.  It thus satisfied the necessary predicate for the court to consider transferring the case.  The court then analyzed Pandora's transfer motion by applying the private-interest and public-interest factors that the Fifth Circuit has directed courts to use in making transfer decisions under section 1404(a).  *See In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*").  The district court focused in particular on (1) the location of sources of proof; (2) the potential need for the court to compel witnesses to appear, (3) the relative convenience of the two forums for witnesses, and (4) the district with the greater local interest in the subject matter of the dispute.

The district court noted that the bulk of the documents in the case, including source code that would need to be inspected, are located in the Northern District of California.  Noting Fifth Circuit precedent that considers the actual

physical location of documents, and not whether they can be transmitted electronically, the court found that the relative ease of access to sources of proof favored transfer.

The court next turned to the availability of compulsory process to secure the attendance of witnesses. The court acknowledged that Pandora had identified a number of former employees and other third-party witnesses located in the Northern District of California and that Bluebonnet had identified no third-party witnesses in the Western District of Texas. Nonetheless, the court concluded that neither party "affirmatively asserts that any of its identified witnesses are, in fact, unwilling witnesses." App. 347. Citing one of its own prior decisions, the court held that when a party has not shown that a witness is unwilling to testify voluntarily, the court will "not attach much weight to the compulsory process factor." *Id.* Instead, the court ruled, those witnesses should be considered under the factor that addresses the convenience of willing witnesses. *Id.* at 346. For that reason, the court determined that the availability of compulsory process did not favor either forum.

Turning to the convenience of the willing witnesses, the court recognized that the Northern District of California "is more convenient for the totality of party witnesses." *Id.* at 350. However, the court stated that it assigned little weight to the convenience of party witnesses. *Id.* at 351. As for non-party witnesses, the court noted that Pandora had identified 14 such witnesses, but it found that Pandora had failed to identify those witnesses' residences or the relevance of their testimony to the case. *Id.* The court found that the Western District of Texas would be more convenient for the witnesses located in Israel, New York, and Philadelphia. The court therefore found that the convenience of the witnesses weighed against transfer. *Id.*

With respect to the public interest factors, the court agreed with Pandora that the local interest factor weighed slightly in favor of transfer. The remaining factors, the

court found, were neutral.  The court then held that the factors, taken together, did not show that the Northern District of California was clearly the more convenient forum.  The court therefore denied the transfer motion.

## II

Our review of transfer rulings is governed by the law of the regional circuit, which in this case is the Fifth Circuit.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  In applying that law, we have recognized that a district court enjoys broad discretion in making a transfer determination.  *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).  However, when a court's denial of a motion to transfer under section 1404(a) contravenes governing legal standards, we have issued mandamus to overturn the denial of transfer.  *See, e.g.*, *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020).

Under Fifth Circuit law, a motion to transfer should be granted if "the movant demonstrates that the transferee venue is clearly more convenient." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen II*, 545 F.3d at 315) (internal quotation marks omitted).  Pandora satisfied that standard here.  The district court found that the sources-of-proof factor and the local interest factor favored transferring the case to the Northern District of California.  And the court found that the compulsory process factor was neutral.  The court found that only the convenience of the witnesses weighed against transfer.  The court's analysis of both the compulsory process factor and the convenience of the witnesses was incorrect.  Applying the proper legal standards, as discussed below, it is clear that those factors both favor transfer.

## A

As noted, Pandora identified 14 potential third-party witnesses who reside in the Northern District of California and who are subject to the subpoena power of that court.

Bluebonnet identified no third-party witness who were subject to the subpoena power of the Western District of Texas. We agree with Pandora that the district court erred in not weighing the compulsory process factor in favor of transferring the case.

At the outset of its analysis of the compulsory process factor, the district court acknowledged that "[t]his factor weighs heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." App. 344. Nonetheless, the district court found the compulsory process factor to be neutral.

The district court's finding on the compulsory process factor was based on a legal error. The district court found that neither party "affirmatively asserts that any of its identified witness are, in fact, unwilling witnesses. *Id.* at 346. The court then stated that "[w]hen no party has alleged or shown any witness's unwillingness, a court should not attach much weight to the compulsory process factor." *Id.* at 346–47. To the contrary, we have held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014); *see also In re Hulu LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021) (compulsory process factor favors transfer "without a showing of unwillingness for each witness"); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018).

Setting aside that legal error, the compulsory process factor strongly favors transfer, as Pandora identified 14 third-party witnesses in the Northern District of California and Bluebonnet identified none in the Western District of Texas.

B

The district court next found that the convenience of the witnesses disfavors transfer in this case. We disagree

and conclude that Pandora has demonstrated that the Northern District of California would be a clearly more convenient forum for the witnesses.

The district court agreed in principle that the court should consider the convenience of all relevant witnesses, but it qualified that statement by holding that "the convenience of party witnesses is given little weight." App. 347. Contrary to the district court, however, the convenience of the witnesses is an important consideration for both party witnesses and non-party witnesses.

We have held that the fact that a witness is affiliated with a party "does not negate the inconvenience and cost to those individuals to travel a significant distance to testify." *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021); *see also In re Juniper Networks, Inc.*, No. 2021-160, __ F.4th __, 2021 WL 4343309, at *4 (Fed. Cir. Sept. 24, 2021) ("reject[ing] the district court's reliance on the proposition that the convenience to witnesses is attenuated when the witnesses are employees of the party calling them" (citation omitted)); *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (holding that a district court's section 1404(a) analysis "must consider" the convenience of "possible party witnesses"); *In re Apple Inc.*, 818F. App'x 1001, 1003 (Fed. Cir. 2020) (rejecting the view that the convenience of party witnesses is given "little weight"); *Hulu*, 2021 WL 3278194, at *5 ("Although an employer's cooperation in allowing an employee to testify may diminish certain aspects of inconvenience to the employee witness . . . it hardly eliminates the inconvenience.").

With respect to the party witnesses, the district court found that the Northern District of California is "slightly more convenient for the totality of party witnesses." App. 350. Although Pandora argued that conducting the trial in the Western District of Texas would result in a great burden on its employees who would have to travel from

California, the district court "assume[d] that no more than a few party witnesses . . . will testify," and therefore concluded that the large number of party witnesses identified by Pandora did not contribute to the analysis of this factor. Nonetheless, the court recognized that the Northern District of California is "clearly more convenient for Pandora." *Id.*

Notwithstanding the court's assumption that few party witnesses would testify at trial, Pandora identified a large number of its employee witnesses who live and work in the Northern District of California and who have relevant information regarding the issues at trial, while Bluebonnet identified as potential witnesses in the Western District of Texas only four Pandora employees who worked in sales and advertising. The district court attached no weight to the testimony of those four witnesses, and in its brief in this court Bluebonnet has not invoked the proposed testimony that it intends to elicit from those Pandora employees to support its argument regarding the convenience of the witnesses.

In previous cases, we have rejected the district court's categorical assumption that defendants are unlikely to call more than a few, if any, of the proposed party witnesses who are identified in support of a motion to transfer. *See In re Juniper Networks, Inc.*, No. 2021-160, 2021 WL 4343309, at *4 (Fed. Cir. Sept. 24, 2021); *Samsung*, 2 F.4th at 1379; *In re DISH Network, L.L.C.*, 856 F. App'x 310, 311 (Fed. Cir. 2021). Thus, we have disapproved of the district court's rejection of a party's identified witnesses on grounds "entirely untethered to the facts of this case," with no specific reason to believe that those witnesses would not play a role in an upcoming trial. *Hulu*, 2021 WL 3278194, at *3.

Although acknowledging that the Northern District of California "is more convenient for the totality of party witnesses," the court concluded that it "must properly give

more weight to the convenience of non-party witnesses." App. 350–51. And in light of the convenience of those witnesses, the court concluded that the convenience-of-the-witnesses factor weighed against transfer. *Id.* at 351.

The district court based that conclusion on the following line of reasoning: First, "the convenience of a party is generally given little weight," and "greater weight is given to a willing non-party witness than to the employees of a party," so "the fact that Pandora listed seven employee witnesses [in the Northern District of California] is not persuasive to transfer to NDCA." Second, although Pandora has identified 14 potential non-party witnesses, it "has failed to identify the parties, residence, or relevance to this case" of those witnesses' testimony. And third, if transfer is ordered, "alleviating this inconvenience for Pandora instills a higher inconvenience for Bluebonnet and their proposed witnesses, especially the identified non-party witnesses." In that regard, the court found that the inconvenience for the party witnesses "would be generally the same" whether the case was transferred or not, but "the inconvenience to the plaintiff's non-party witness may be greater if the case is to be transferred." *Id.* at 351.

Each step in that analysis is flawed. First, as noted above, we have held that the convenience of the witnesses is a relevant factor for both party witnesses and non-party witnesses. The district court erred by holding that it "must properly give more weight to the convenience of non-party witnesses." *Id.* at 350–51.

Second, Pandora identified the 14 non-party witnesses that it proposes to call by reference to their residences at particular locations within the Northern District of California, their employment or former employment (in 13 of the 14 cases), and a brief allusion to their connection with the relevant facts of this case. To the extent that Bluebonnet challenges the relevance of testimony by former Pandora employees who were inventors of certain Pandora patents,

Pandora notes that Bluebonnet itself identified those patents in its complaint as relevant to the patented technology. As this court explained in *Hulu*, it is not necessary to do more at this point in the litigation than to show that the potential witnesses have relevant and material information. *Hulu*, 2021 WL 3278194, at *3. Pandora's showing as to the relevance of the witnesses' testimony was sufficient for purposes of the motion to transfer.[1]

Third, while it is true that transferring the trial would impose burdens on Bluebonnet witnesses who would have to travel from their homes in the Western District of Texas to the Northern District of California, Bluebonnet has identified only four such witnesses, all of whom are Pandora employees. While there would be some burden associated with requiring those four Pandora employees to travel from Texas to California for trial, that burden would be greatly exceeded by the burden of requiring Pandora's many witnesses travel from California to Texas. The convenience of the party witnesses thus clearly favors transfer.

Finally, the court regarded transfer as increasing the burden on certain non-party witnesses who would have to

---

[1] In analyzing Pandora's list of potential non-party witnesses, the district court focused on the two former Friskit employees that Pandora included on its list. Although acknowledging that the Friskit employees "may have relevant testimony regarding the patents at issue," the court concluded that "arguments regarding the Friskit litigation are irrelevant to analysis of this factor." App. 350. Given that the Friskit patents are parents to the patents-in-suit and that the witnesses were represented as having knowledge regarding the development and reduction to practice of the technology described in the asserted patents, Pandora made a sufficient showing of the potential relevance of their testimony for purposes of the transfer motion.

travel a great distance to reach either forum.  The facts, however, do not support the court's conclusion, particularly when viewed in light of the governing legal standards.

In addressing the convenience of witnesses, the Fifth Circuit has stated that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317 (quoting *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004) ("*Volkswagen I*")).  The court explained the reason underlying the rule in *Volkswagen I*, 371 F.3d at 205: "the task of scheduling fact witnesses so as to minimize the time when they are removed from their regular work or home responsibilities gets increasingly difficult and complicated when the travel time from their home or work site to the court facility is five or six hours one-way as opposed to 30 minutes or an hour."

We have rejected the rigid application of the 100-mile rule in cases in which the witnesses will be required to travel a significant distance no matter where they testify. In *In re Apple*, for example, we held that the Western District of Texas erred in not weighing that factor in favor of transfer to the Northern District of California where the parties' witnesses were located.  979 F.3d at 1342.  We rejected the district court's decision giving more weight to the fact that the inventors and patent prosecutor residing in New York would "need to travel a greater distance to reach" the Northern District of California than the Western District of Texas.  *Id.*  We explained that those nonparty witnesses "will likely have to leave home for an extended period" whether or not the case was transferred, and thus those witnesses would be only slightly more inconvenienced by having to travel to California than to Texas. *Id.*

Our recent decisions in *In re TracFone Wireless, Inc.*, 852 F. App'x 537 (Fed. Cir. 2021), and *In re Google* are to the same effect. In those cases, we followed the reasoning of *Apple* and rejected the view that the convenience to the witnesses should be weighed purely on the basis of the distance the witnesses would be required to travel, even though they would have to be away from home for an extended period whether or not the case was transferred. In *TracFone*, we stated that the convenience factor did not cut against transfer if the witnesses would "only be slightly more inconvenienced by having to travel to California than to Texas." 852 F. App'x at 539; *see also Google*, 2021 WL 4427899, at \*5 (same). Accordingly, we held in *TracFone* and *Google* that the litigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business. *See TracFone*, 852 F. App'x at 539–40; *Google*, 2021 WL 4427899, at \*5.

The district court's conclusions regarding the non-party witnesses cannot be squared with those decisions. In its opposition to Pandora's transfer motion, Bluebonnet referred to a party witness located in Maryland and three non-party witnesses located in New York, Philadelphia, and Israel, respectively. The district court held that although the Northern District of California "is more convenient for the totality of party witnesses," App. 350, the Western District of Texas was more convenient for the identified non-party witnesses, *id.* at 351.

Although New York, Philadelphia, and Israel are closer in distance to Waco than to the Northern District of California, the district court acknowledged that travel to either venue would be inconvenient, as those witnesses will have to travel a significant distance no matter where they testify. Moreover, we have observed, "the difference in distance is not as important as the difference in travel time and the fact that the witnesses would be required to be away from home for several days in any event. *See Google*, 2021 WL 4427899, at \*4 (explaining that "time is [often] a

more important metric than distance"). There is no major airport in the Waco Division of the Western District of Texas; consequently, although the distances are somewhat shorter, the total travel time to Waco from Israel, New York, and Philadelphia, is approximately the same as the travel time to the Northern District of California.[2] The convenience of the three identified non-party witnesses is therefore equivalent for either forum. And in light of the fact that the Northern District of California is clearly more convenient for the other party and non-party witnesses identified by Bluebonnet and Pandora, the convenience of the witnesses clearly favors the transferee forum.

C

The rest of the district court's analysis, which is addressed to three other issues, does not support the court's decision denying transfer. First, with regard to other practical problems that make trial of the case easy, expeditious, and inexpensive, the district court addressed Pandora's arguments regarding the previous Friskit patent litigation and found the Friskit litigation evidence irrelevant. For that reason, the court attached no weight to the fact that the Northern District of California was the site of the

---

[2] One potential witness identified by Bluebonnet is a Pandora employee who lives in Boulder, Colorado, near Denver. Bluebonnet argued that Denver is closer to Waco by distance. However, flying (or a combination of flying and driving) from Denver to Waco takes longer than flying from Denver to San Francisco. Bluebonnet's corporate representative, who lives in Maryland, is also closer by distance to Waco than to the Northern District of California. As in the case of travel from New York, Philadelphia, and Israel, however, flying from Maryland to San Francisco takes approximately the same amount of time as flying (or flying and driving) from Maryland to Waco.

Friskit litigation.  As a result, the court found that factor "neutral at most."  App. 352.

Second, turning to the issue of court congestion, the court noted that Pandora had argued that the median time to trial in the Northern District of California was shorter than the median time to trial in the Western District of Texas.  Based on recent experience, however, the court explained that the time to trial for patent cases in the Waco Division of the Western District of Texas was shorter than in the Northern District of California.  After reviewing the statistics, the court found the court congestion factor neutral.  *Id.* at 354.

Finally, with respect to the interest in having local issues decided at home, the district court rejected Bluebonnet's argument that "the presence of some office space" on the part of Pandora in Austin, Texas, constituted a significant physical presence in the Western District of Texas, and it found that Pandora's "prevalent presence in California is evidence[d] by their headquarters and significant presence throughout the state."  The court therefore found that factor weighed slightly in favor of granting transfer.  App. 355.

Nothing in Bluebonnet's brief in this court calls into question the district court's findings on any of those three factors.  It is undisputed, therefore, that the local interest factor supports transfer and that the other two factors do not affect the overall analysis of the transfer decision.

In sum, as in other recent cases in which we have granted mandamus on the issue of transfer, several of the most important factors bearing on the transfer decision strongly favor transfer, and no factor favors retaining the case in the transferor court.  *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by

the plaintiff, the trial court should grant a motion to transfer." (citation omitted)).  We therefore grant Pandora's petition seeking transfer.

Accordingly,

IT IS ORDERED THAT:

The petition is granted.  The district court's order denying Pandora's motion to transfer is vacated, and the district court is directed to grant the transfer motion.

FOR THE COURT

October 13, 2021                /s/ Peter R. Marksteiner
        Date                    Peter R. Marksteiner
                                Clerk of Court

s29

cc:  United States District Court for the Western District of Texas