NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, N.A., CAPITAL ONE BANK (USA), N.A., PROSPERITY BANCSHARES, INC., PROSPERITY BANK, PATRIOT BANCSHARES, INC., PATRIOT BANK, LEGACY TEXAS GROUP, INC., AND LEGACY TEXAS BANK,

*Petitioners.*

---

Miscellaneous Docket No. 123

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in case no. 11-CV-0092, Magistrate Judge John D. Love.

---

## ON PETITION

---

Before PROST, MAYER and REYNA, *Circuit Judges.*

PER CURIAM.

## ORDER

The nine petitioners, defendants in a patent infringement action, seek a writ of mandamus to direct the United States District Court for the Eastern District of

Texas to vacate its order denying the petitioners' motion to transfer venue, and to direct the court to transfer the case to the United States District Court for the Southern District of Texas. Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA), N.A. ("Capital One") also seek a writ of mandamus to direct the district court to sever the claims and counterclaims against Capital One and to transfer them to the United States District Court for the Eastern District of Virginia. The plaintiff in the infringement action, DataTreasury Corporation, opposes.

In its order denying the petitioners' motion to transfer, the district court noted that some of the defendants are based in the Eastern District of Texas, that DataTreasury is also headquartered in the Eastern District of Texas, and that a large amount of relevant documents and electronic data are located in or near the Eastern District of Texas. Although the petitioners identified several potential witnesses who reside in Houston, Texas, where the transferee court is located, the court concluded that the convenience of the witnesses did not weigh heavily in favor of transfer in light of the presence of some witnesses in or near the Eastern District of Texas. The court recognized the fact that the Southern District of Texas had absolute subpoena power over some witnesses favored transfer. However, because the Eastern District of Texas had the authority to compel witnesses in the state of Texas to attend trial, the court found this factor only slightly weighed in favor of transfer. The court added that only the Eastern District of Texas participates in the Patent Pilot Program, which slightly favored transfer. The court therefore concluded that the petitioners had not met their burden of demonstrating that the Southern District of Texas was clearly more convenient than the Eastern District of Texas for trial, and it denied the motion to transfer. With regard to Capital One's

motion to sever and transfer, the district court denied it without prejudice to reconsidering the issue of severance as the case progressed.

Mandamus is an extraordinary remedy, available "to correct a clear abuse of discretion or usurpation of judicial power." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009). Although this court, applying Fifth Circuit law in cases arising from district courts in that circuit, has held that mandamus may be used to correct a patently erroneous denial of transfer, we have made clear that the standard for obtaining such relief is an exacting one, requiring the petitioner to establish that the district court's decision amounted to a failure to meaningfully consider the merits of the transfer motion. *See id.* at 1196-97. We see nothing in the petition justifying such extraordinary relief in this case.

The petitioners' arguments that the Southern District of Texas is more convenient in regard to the relevant sources of proof and witnesses have already been considered and rejected by the district court. The court explained that while transfer could make trial more convenient for some of the parties and witnesses residing closer to the transferee court, granting the motion would make it more inconvenient for DataTreasury and some witnesses who reside in the Eastern District of Texas. Given that some of the defendants and DataTreasury are based within the Eastern District of Texas and some witnesses and documents have been identified there, we are not prepared to say that the district court clearly abused its discretion.

With respect to Capital One's motion to sever and transfer, we note that in *In re EMC Corporation*, 677 F.3d 1351 (Fed. Cir. 2012), this court recently set forth the standard for assessing a motion to sever under Federal

Rule of Civil Procedure 21(a). We deem it the better course for Capital One to move the trial court for reconsideration of its decision and for the district court to promptly consider the motion in full in light of *EMC*.

Accordingly,

IT IS ORDERED THAT:

The petition for writs of mandamus is denied.

FOR THE COURT

__AUG 1 0 2012__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: John G. Flaim, Esq.
Lance Lee, Esq.
Richard P. Stitt, Esq.
Karl A. Rupp, Esq.
Clerk, United States District Court for the Eastern District of Texas

s23

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK