NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  DISH NETWORK L.L.C.,**
*Petitioner*

---

2021-148

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:19-cv-00716-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges*.

Order for the court filed PER CURIAM.

Concurrence filed by *Circuit Judge* REYNA.

PER CURIAM.

## O R D E R

DISH Network L.L.C. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this case to the United States District Court for the District of Colorado.  In particular, DISH argues that the district court here clearly erred in not weighing the willing witness factor more strongly in favor of transfer, weighing the local interest factor only as

neutral, and weighing judicial-economy considerations here strongly in favor of retaining the case.

A party seeking a writ of mandamus bears the burden of demonstrating that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). The court must also be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004).

In *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020), this court held that the local interest factor "most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit" (citation, internal quotation marks, and emphasis omitted). This court accordingly held that the district court in *Apple* had "misapplied the law to the facts by so heavily weighing Apple's general contacts with the forum that are untethered to the lawsuit, such as Apple's general presence in WDTX[.]" *Id.*

In this case, the district court found that the local interest factor was neutral in part because DISH "employs over 1,000 employees and owns call centers, warehouses, a remanufacturing center, and a service center in this District." Appx12. However, elsewhere in its decision, the court found that employees working from these locations did not possess information relevant to this case. Appx8–9. In light of *Apple*, the district court here erred in relying on DISH's general presence in Western Texas without tying that presence to the events underlying the suit.

The need for reconsideration here is additionally confirmed by this court's recent decision in *In re Samsung Electronics Co.*, 2 F.4th 1371, (Fed. Cir. 2021). As in

*Samsung*, the district court here improperly diminished the convenience of witnesses in the transferee venue because of their party status and by presuming they were unlikely to testify despite the lack of relevant witnesses in the transferor venue. *Compare* 2 F.4th at 1379 (citation omitted), *with* Appx8–9. This court additionally found in *Samsung* that the district court had erred in weighing the practical problems factor heavily against transfer without taking due account of differences in the underlying technology of the co-pending cases and the availability of multidistrict litigation procedures. 2 F.4th 1371, at 1379–80. Similar analysis is also lacking in this case.

We do not view issuance of mandamus as needed here because we are confident the district court will reconsider its determination in light of the appropriate legal standard and precedent on its own. *See In re Avantel, S.A.*, 343 F.3d 311, 324 (5th Cir. 2003). We therefore deny the petition for a writ of mandamus at this time. We expect, however, that the district court will expeditiously reconsider this matter before resolving substantive issues in the case. Any new petition for mandamus from the district court's ruling on reconsideration will be considered on its own merit.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 13, 2021                    /s/ Peter R. Marksteiner
     Date                          Peter R. Marksteiner
                                   Clerk of Court

s31

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: DISH NETWORK L.L.C.,**
*Petitioner*

---

2021-148

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:19-cv-00716-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

REYNA, *Circuit Judge*, concurring.

I concur with the denial of the petition for writ of mandamus. I write separately to express concern that the court grants a unique form of mandamus relief that I am not convinced is supported by precedent. In certain mandamus cases, this court has resolved an issue of first impression and accordingly vacated the district court's opinion and remanded for reconsideration in light of the opinion. *See, e.g., In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1382 (Fed. Cir. 2020). But this is not a case of first impression. In other cases, we have identified a recent change in law or an applicable case apparently overlooked by the district court, denied the petition without prejudice

to refiling, and invited the petitioner to seek the district court's reconsideration in light of the case law we identified. *See, e.g.*, *In re Trend Micro Inc.*, 467 F. App'x 881, 882 (Fed. Cir. 2012); *In re Cap. One Fin. Corp.*, 475 F. App'x 337, 338 (Fed. Cir. 2012); *In re Hewlett-Packard Co.*, 471 F. App'x 898 (Fed. Cir. 2012). This case does not involve a recent change in law. The order we issue today is an amalgamation of the two kinds of relief, which could be referred to as Mandamus light. We deny the petition but explain errors in the district court's decision and affirmatively instruct the district court to reconsider its decision in light of our discussion. This process seems more interlocutory than mandamus. I sense a need for caution lest we risk creating a new form of relief that is not the mandamus relief established in rule or precedent. Even here, I am dubious that the case we cite as a basis for reconsideration, *In re Avantel, S.A.*, 343 F.3d 311 (5th Cir. 2003), directs us to require the district court's reconsideration as we have done in this case.